Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CHRISTIAN ORTIZ<br><br>Peticionario | KLCE202401335 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Criminal núm.:<br>E VI2024G0008<br>E OP2024G0007<br>E LA2024G0063 al 0064<br><br>Por:<br>Infr. Art. 93.A CP<br>Infr. Art. 249.B CP<br>Infr. Art. 6.05 y Art. 6.14 Ley 168 |

Panel especial integrado por su presidente, el Juez Sánchez Ramos, el Juez Rodríguez Flores y la Jueza Brignoni Mártir.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

El Tribunal de Primera Instancia ("TPI") denegó de plano una moción dirigida a suprimir el testimonio de unos agentes en lo relacionado con la forma en que identificaron al acusado como el sospechoso de un asesinato, así como un vídeo de una cámara de seguridad de la gasolinera en que ocurrieron los hechos. Por las razones que se exponen a continuación, en el ejercicio de nuestra discreción, declinamos la invitación de la defensa a intervenir, en esta etapa, con la decisión recurrida.

I.

El Sr. Christian Ortiz (el "Imputado") fue acusado por varios delitos; en lo pertinente, se alegó que, el 26 de septiembre de 2022, en "el garage Gulf de Bo. Turabo Abajo en Caguas" (la "Gasolinera"), el Imputado "le ocasionó la muerte" a Eric Omar Baerga Ramos, al

---

[1] Mediante la Orden Administrativa OATA-2024-139 de 11 de diciembre de 2024, se modificó la composición del panel.

"dispar[arle] en varias ocasiones ... ocasionándole la muerte en el acto".

El 2 de diciembre de 2024, el Imputado presentó una *Moción de Supresión de Evidencia* (la "Moción"). Señaló que, en la vista preliminar, se había admitido una grabación de vídeo de las cámaras de seguridad de la Gasolinera. Indicó que, en la referida vista, unos agentes de la Policía aseveraron que habían identificado al Imputado como sospechoso del asesinato con la ayuda de la referida grabación.

El Imputado arguyó que la grabación debía ser suprimida por no haberse autenticado adecuadamente. Además, planteó que debía suprimirse su "identificación", pues dicha evidencia era "fruto de un procedimiento viciado y carente de confiabilidad".

Mediante una Orden de 3 de diciembre (el "Dictamen"), el TPI denegó la Moción. El TPI razonó que la Moción no procedía en derecho y que "cualquier reclamo amparado en la Regla 901 o ... en las Reglas de Evidencia se adjudicará dentro del juicio plenario al momento de solicitarse su admisión como prueba/exhibit cónsono con la norma aplicable".

El 5 de diciembre, el Imputado solicitó la reconsideración del Dictamen. Arguyó que el asunto objeto de la Moción podía y debía ser atendido por el TPI antes del juicio.

Mediante una Orden, notificada el 9 de diciembre, el TPI denegó la referida moción de reconsideración.

Inconforme, el 11 de diciembre, el Imputado presentó el recurso que nos ocupa, junto a una moción en auxilio de jurisdicción dirigida a paralizar el inicio del juicio, señalado para el 12 de diciembre. El 11 de diciembre, denegamos la referida moción en auxilio de jurisdicción. Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

### III.

Considerados los factores de la Regla 40, *supra,* hemos determinado, en ejercicio de nuestra discreción, denegar el auto solicitado. No es aconsejable nuestra intervención en esta etapa de los procedimientos, lo cual dilataría innecesariamente la solución final de este caso. Regla 40(E) y (F) de nuestro Reglamento, *supra.* En cualquier caso, a la luz de la naturaleza de los planteamientos del Imputado en la Moción, el TPI tenía autoridad para, y actuó razonablemente al, denegar de plano la Moción y así posponer la consideración del asunto para la etapa del juicio.

Resaltamos que, luego del correspondiente juicio, y si le resultase adverso el fallo, el Imputado estará en libertad de reproducir su planteamiento de error en apelación, por lo que tampoco estamos ante una situación en la que se requiera nuestra intervención, en esta etapa, para evitar un fracaso de la justicia. Véase Regla 40(G) de nuestro Reglamento, *supra.*

### IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones